UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| The Benefit Corner, LLC, | ) | |
| | ) | Case No. B-16-11027-7G |
| Debtor. | ) | |
| ──────────────────────── | ) | |
| | ) | |
| Everett B. Saslow, Jr., Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding |
| | ) | No. A-18-02016 |
| vs. | ) | |
| | ) | |
| David Schuck and DC Benefit Solutions, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| ──────────────────────── | | |

## MOTION TO APPROVE SETTLEMENT

NOW COMES Everett B. Saslow, Jr., Chapter 7 Trustee (the "Trustee"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and requests that the Court approve a settlement with respect to this pending Adversary Proceeding as set forth herein. In support of this Motion, the Trustee respectfully shows unto the Court as follows:

1.  An involuntary bankruptcy petition was filed against The Benefit Corner, LLC (the "Debtor") on September 27, 2016, and an Order for Relief was entered by the Court on November 9, 2016. The Debtor's Chapter 7 bankruptcy case is now pending in the Middle District of North Carolina, Greensboro Division.

2.  Everett B. Saslow, Jr., Trustee was appointed as Chapter 7 Trustee and continues to serve as the Chapter 7 Trustee in the Debtor's bankruptcy case at this time.

1

3. The defendant David Schuck is a citizen and resident of the State of North Carolina. The defendant DC Benefit Solutions, LLC is a limited liability company organized under the laws of the State of North Carolina. Defendant David Schuck and defendant DC Benefit Solutions, LLC hereafter may be referred to collectively as the Defendants.

4. The Trustee's investigation revealed that within ninety (90) days prior to the filing of the involuntary petition against the Debtor, the Debtor transferred to one or both of the Defendants the sum of $27,366.62 by direct deposit transfers on July 12, July 13 and July 22, 2016 (the "Preference Payment") for and on account of antecedent indebtedness of Debtor to Defendants.

5. On or about September 12, 2018, the Trustee instituted this adversary proceeding. The Trustee made demand on the Defendants for the return of the Preference Payment.

6. Defendants advised the Trustee of their contentions that all transfers were made to DC Benefit Solutions, LLC so that the proceeding should be dismissed as David Schuck; that the Preference Payment may not be avoided pursuant to Bankruptcy Code Section 547(c)(2) in that the payments to the Defendants were made in the ordinary course of business with agings of the Preference Payments being comparable to the agings for payments outside of the preference period; and that the transfers might not be property of the estate in that Debtor was a mere conduit under the parties' franchise agreement.

7. The Trustee and the Defendants have agreed to resolve this Adversary Proceeding with a settlement as follows:

a) Chris Graves is a co-owner of defendant DC Benefit Solutions, LLC. Proof of Claim # 13 was filed by Chris Graves in the amount of $30,000 (the "Proof of Claim # 13"), and Proof of Claim # 15 was filed by David Schuck in the amount of $106,000 (the "Proof of Claim # 15"), and together the Proof of Claim # 13 and the Proof of Claim # 15 shall be referred to as "Proofs of Claim." The Defendants shall provide to the Trustee consideration valued as set forth below in the amount of $12,000 by reducing Proofs of

      Claim by a measure of $109,090 (being approximately $12,000 divided by 11% which 11% was earlier this year the Trustee's estimate of future distribution in this case). Therefore, if Proof of Claim # 15 evidences an allowed claim in the amount of $106,000 and if the Proof of Claim # 13 evidences an allowed claim in the amount of $30,000, then by the terms of the proposed settlement the allowed claim amounts under the Proofs of Claim will be reduced by a measure of $109,090 from $136,000 to the allowed amount of $26,910. In the event that the Proofs of Claim are allowed only in a sum equal to or less than $109,090, then the Proofs of Claim shall be reduced to zero, but under no circumstance shall the Defendants owe any obligation to the estate in connection with the Preference Payment except as provided in this motion. The allowed claims under the Proofs of Claim shall not be a priority claim but rather both shall be a non-priority unsecured claim in their entirety. Subject to the Court's approving this settlement, the signature below of legal counsel for Defendants is Defendants' binding and irrevocable consent to reduction of Proof of Claim # 13 and Proof of Claim # 15 by the amount of $109,090. Reductions to Proof of Claim # 13 and Proof of Claim # 15 shall pro rata unless otherwise provided by the holders of Proof of Claim # 13 and Proof of Claim # 15.

b) Promptly after the Court's approval of this compromise, the Trustee shall cause this Adversary Proceeding to be dismissed with prejudice by filing notice of dismissal with prejudice pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.

c) In the event that this proposed settlement is not approved by the Court, then this motion and the terms and recitals herein shall be of no force or effect.

      8.    The Defendants' consent to the terms of the settlement is reflected by the signature of its counsel below.

      9.    Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides, in relevant part: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." In determining whether to approve a settlement proposed by a bankruptcy trustee, courts should make an informed, independent judgment as to whether a settlement is fair and equitable and in the best interests of the bankruptcy estate. *Prot. Comm. for Indep. S'holders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). Courts need not decide the numerous issues of law and fact raised by a settlement, but rather should "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of

3

reasonableness.'" *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 493, 497-98 (Bankr. S.D.N.Y. 1991) (quoting *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2nd Cir. 1983)).

10. The Trustee believes that the proposed settlement is fair and equitable and in the best interests of the bankruptcy estate. One reason is that that the proposed settlement avoids the risk that the Trustee's position will not be upheld in the litigation. The Defendants have presented the Trustee with documentation in support of their ordinary course defense under Bankruptcy Code § 547(c)(2) including documentation that the two payments in question were only 28, 0 and 10 days late. Further, the proposed settlement avoids some of the legal costs which would arise if the Trustee were to litigate the preference avoidance proceeding to a judgment.

WHEREFORE, the Trustee respectfully requests that the Court approve the settlement as set forth above, that this motion be heard upon a no protest or conditional hearing basis if appropriate, and that the Court grant such other and further relief as the Court deems just and proper.

This the 6th day of December, 2018.

    s/ Everett B. Saslow, Jr.
Everett B. Saslow, Jr.
N.C. State Bar No. 7301

    s/ Albert L. Saslow
Albert L. Saslow
N.C. State Bar No. 40051
Attorneys for Trustee

OF COUNSEL:

HILL EVANS JORDAN & BEATTY
A Professional Limited Liability Company
Post Office Box 989
Greensboro, North Carolina  27402
Telephone No. (336) 379-1390

Settlement terms consented and agreed to:

Defendants David Schuck and DC Benefit Solutions, LLC

By: s/Britton C. Lewis
    Britton C. Lewis
    N.C. State Bar No. 49344
    Attorney for Defendants

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5005-4(9) regarding service of electronically filed documents, all pleadings and other documents properly filed electronically in a case or proceedings by a Filing User in accordance with the Local Rules and the Administrative Guide shall be deemed served on all other Filing Users who have made an appearance in the case pursuant to Rules 2002 or otherwise for purposes of service under Rule 9022 of the Federal Rules of Bankruptcy Procedure, Rule 59(b) of the Federal Rules of Civil Procedure, or otherwise, except for those pleadings and documents required to be served in the manner provide under Rules 7004(a)-(d) and 9016 of the Federal Rules of Bankruptcy Procedure.

Additional Service has been made as set forth in this Certificate.

This is to certify that the undersigned served a copy of the Motion to Approve Settlement by depositing the same, enclosed in a postpaid wrapper, properly addressed to the following parties in interest, at their, last known addresses as shown below, in a post office or official depository under the exclusive care and custody of the United States Postal Service:

>Britton C. Lewis
>Attorney for Defendants
>Post Office Box 540
>Greensboro, NC 27402

This the 6th day of December, 2018.

>s/ Albert L. Saslow
>Albert L. Saslow